IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NATIONWIDE GENERAL INSURANCE CO.** | : | |
| One West Nationwide Boulevard | : | CIVIL ACTION NO. |
| Columbus, Ohio 43215 | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | **JURY TRIAL DEMANDED** |
| | : | |
| **EXELON CORPORATION d/b/a PECO** | : | |
| 10 South Dearborn Street, Floor 52 | : | |
| Chicago, Illinois 60603 | : | |
| | : | |
| and | : | |
| | : | |
| **BRYN MORRIS ENTERPRISES, LLC d/b/a** | : | |
| **BWM ELECTRIC** | : | |
| 60 Sunset Road | : | |
| Royersford, Pennsylvania 19468 | : | |
| | : | |
| Defendants | : | |

# COMPLAINT

Plaintiff, Nationwide General Insurance Company, as subrogee of Leonard and Marissa Knobbs by and through its undersigned counsel, complaining of the defendants, hereby avers, upon information and belief, as follows:

## PARTIES

1. Plaintiff, Nationwide General Insurance Company, as subrogee of Leonard and Marissa Knobbs (hereinafter "Nationwide"), is a corporation duly organized and existing under the laws of the State of Ohio with a principal place of business located at One West Nationwide Boulevard, Columbus, Ohio 43215, which at all relevant times was engaged in the insurance business and was licensed to issue insurance policies in the Commonwealth of Pennsylvania.

2. Defendant, Exelon Corporation d/b/a PECO (hereinafter "PECO") is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 10 South Dearborn Street, Floor 52, Chicago, Illinois 60603, which at all relevant times was engaged in the electrical utility business, including providing residential and commercial electrical service in Plymouth Meeting, Pennsylvania.

3. Defendant Bryn Morris Enterprises, LLC d/b/a BWM Electric (hereinafter "BWM") is a limited liability corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 60 Sunset Road, Royersford, Pennsylvania 19468, which at all times relevant was engaged in the business of providing residential electrical work and services.

## JURISDICTION AND VENUE

4. Jurisdiction is based on 28 U.S.C. § 1332(a)(1) as this action involves a controversy between citizens of different states and the amount in controversy exceeds Seventy-five Thousand Dollars ($75,000), exclusive of interest and costs.

5. Venue is proper in this District based on 28 U.S.C. § 1391(a) in that the event giving rise to this claim occurred within this District.

## GENERAL ALLEGATIONS

6. Plaintiff incorporates by reference the preceding averments as though fully set forth herein at length.

7. At all relevant times, Leonard and Marissa Knobbs (hereinafter "the Knobbs") owned the real and personal property located at 117 Hunter Road, Plymouth Meeting, Pennsylvania 19462 (hereinafter the "Subject Property").

8. At all relevant times, Nationwide insured the Subject Property.

9. PECO was responsible for the installation and maintenance of the electrical distribution wires and related equipment in the neighborhood of the Subject Property.

10. Prior to January 10, 2024, the Knobbs hired BWM to perform electrical work and services at the Subject Property.

11. On or about January 10, 2024, electrical distribution wires owned and controlled by PECO fell down on Hunter Road outside the Knobbs' house.

12. PECO's live electrical wires were down on ground level for a protracted period of time, causing uncontrolled electricity to enter the Knobbs' house.

13. As a result of PECO's uncontrolled electricity entering the Knobbs' home, multiple incidents of melting, burning and fire occurred throughout the Subject Property.

14. Pursuant to the terms and conditions of the aforementioned insurance policy, Nationwide paid the Knobbs in excess of Six Hundred Nine Thousand Five Hundred and Forty-Eight Dollars and Thirty-Four Cents ($609,548.34) to repair and replace their damaged property and for additional expenses.

15. In accordance with common law principles of equitable and/or legal subrogation and the terms of the policy, Nationwide is subrogated to the rights of the Knobbs to the extent of the payments it has made and will make to them for the aforementioned property damage and extra expenses.

## COUNT I –NEGLIGENCE
## PLAINTIFF V. EXELON CORPORATION d/b/a PECO

16. Plaintiff incorporates by reference the preceding averments as though fully set forth herein at length.

17. As the electrical utility provider for the Subject Property, defendant PECO owed a duty to perform its work and services in a good, safe and workmanlike manner.

18. Defendant PECO owed a duty to properly inspect and maintain its wires and equipment, including preventative tree trimming, and to promptly and timely repair its downed electrical wires.

19. The fire, melting and burning incident referred to in Paragraph 13 and the resulting damages to the Subject Property were caused by the negligence and/or carelessness of defendant, its agents, servants and/or employees acting within the course and scope of their employment in:

    a) failing to inspect and maintain its electrical wires, including but not limited to tree trimming necessary to protect and maintain its wires;

    b) failing to promptly and timely repair its downed electrical wires;

    c) failing to take action to ensure that uncontrolled electricity did not enter the Knobbs' house;

    d) failing to properly respond and inspect the damage to the electrical distribution wires and related system components in the neighborhood of the Subject Property and to take corrective actions;

    e) violating applicable codes, regulations, and statutes, including applicable electrical codes, PECO's own policies and procedures, and industry customs and practices;

    f) failing to employ agents, servants and/or employees with the knowledge, training and experience to properly respond and repair the electrical distribution system and take all necessary corrective actions;

      g)      failing to properly train, oversee and supervise its employees, agents and subcontractors;

      h)      failing to perform its work and services in a good and workmanlike manner and in accordance with all applicable national, state and local electrical codes and standards, and industry custom and practice;

      i)      failing to warn the Knobbs of the risk of fire, burning and melting as a result of its downed wires; and

      j)      otherwise failing to use due care under the circumstances.

20. As a direct and proximate result of the aforesaid negligent, careless and/or reckless acts and/or omissions of Defendant, Plaintiff's insureds sustained damage to their property and incurred additional expenses directly related to the fire and property damage in an amount in excess of Six Hundred Nine Thousand Five Hundred and Forty-Eight Dollars and Thirty-Four Cents ($609,548.34), exclusive of interest and costs, for which Defendant PECO is legally liable.

WHEREFORE, Plaintiff Nationwide General Insurance Company demands judgment against defendant Exelon Corporation d/b/a PECO, together with interest, costs, reasonable attorney's fees, and such other and further relief as this Court deems just and appropriate.

### COUNT II –NEGLIGENCE
### PLAINTIFF V. BRYN MORRIS ENTERPRISES, LLC d/b/a BWM ELECTRIC

21. Plaintiff incorporates by reference the preceding averments as though fully set forth herein at length.

22. As the electrical subcontractor hired to provide electrical work and services for the renovations and electrical upgrades at the Subject Property, defendant BWM owed a duty to perform its work and services in a good, safe and workmanlike manner.

23. Defendant BWM breached its duty and violated applicable building codes, electrical codes, and construction and electrical industry customs and practices by improperly grounding the electrical system at the Subject Property when it performed the electrical upgrade

work and by failing to do what was necessary to prevent an electrical power surge and fire at the Subject Property.

24. The fire referred to in Paragraph 12 and the resulting damages to the Subject Property were caused by the negligence and/or carelessness of defendant, its agents, servants and/or employees acting within the course and scope of their employment in:

    a) improperly installing and grounding the electrical system at the Subject Property;

    b) violating applicable codes, regulations, and statutes, including building and electrical Codes, and industry customs and practices;

    c) failing to properly install and ground the electrical system to prevent them from energizing and allowing an electrical power surge to enter the Subject Property;

    d) failing to properly analyze, evaluate and eliminate the potential for an electrical power surge to enter the Subject Property;

    e) failing to employ agents, servants and/or employees with the knowledge, training and experience to properly install, ground and upgrade the electrical system at the Subject Property;

    f) failing to properly train, oversee and supervise its employees, agents and subcontractors;

    g) allowing it agents, servants and/or employees to improperly install, ground and upgrade the electrical system in a manner that created a clear risk of fire;

    h) failing to perform its work and services in a good and workmanlike manner and in accordance with all applicable national, state and local building and electrical codes and standards, and industry custom and practice; and

    i) otherwise failing to use due care under the circumstances.

25. As a direct and proximate result of the aforesaid negligent, careless and/or reckless acts and/or omissions of Defendant, Plaintiff's insureds sustained damage to their property and incurred additional expenses directly related to the fire in an amount in excess of

Six Hundred Nine Thousand Five Hundred and Forty-Eight Dollars and Thirty-Four Cents ($609,548.34), exclusive of interest and costs, for which Defendant BWM is legally liable.

WHEREFORE, Plaintiff Nationwide General Insurance Company demands judgment against defendant Bryn Morris Enterprises, LLC d/b/a BWM Electric, together with interest, costs, reasonable attorney's fees, and such other and further relief as this Court deems just and appropriate.

### COUNT III –BREACH OF IMPLIED WARRANTY OF WORKMANLIKE PERFORMANCE
### PLAINTIFF V. BRYN MORRIS ENTERPRISES, LLC d/b/a BWM ELECTRIC

26. Plaintiff incorporates by reference the preceding averments as though fully set forth herein at length.

27. By undertaking to provide electrical services for the renovations and electrical upgrades at the Subject Property, BWM impliedly warranted that its work and services would be performed in a good, safe and workmanlike manner.

28. Defendant BWM breached its implied warranty of workmanlike performance by failing to properly install, ground and upgrade the electrical system at the Subject Property, which allowed a power surge that caused a fire at the Subject Property; by failing to properly inspect and oversee its installation, grounding and upgrade of the electrical system at the Subject Property in a safe and workmanlike manner; by violating applicable industry customs, practices and standards; and by failing to warn Leonard and Marissa Knobbs of the hazardous condition it had caused.

29. The fire referenced to in Paragraph 12, and the resulting damages to the Knobbs' property were directly and proximately caused by BWM's breach of its implied warranty of workmanlike performance.

7

30. As a direct and proximate result of the aforesaid breach of Defendant BWM's implied warranty of workmanlike performance, Plaintiff's insureds sustained damage to their property and incurred additional expenses directly related to the fire in an amount in excess of Six Hundred Nine Thousand Five Hundred and Forty-Eight Dollars and Thirty-Four Cents ($609,548.34), exclusive of interest and costs, for which Defendant BWM is legally liable.

WHEREFORE, Plaintiff Nationwide General Insurance Company demands judgment against defendant Bryn Morris Enterprises, LLC d/b/a BWM Electric, together with interest, costs, reasonable attorney's fees, and such other and further relief as this Court deems just and appropriate.

COZEN O'CONNOR

By: s/ Sean P. O'Donnell
SEAN P. O'DONNELL, ESQUIRE
PA Bar ID 76533
One Liberty Place
1650 Market Street
Suite 2800
Philadelphia, PA  19103
(215) 665-2000
(215) 665-2013 (Fax)
sodonnell@cozen.com

*ATTORNEYS FOR PLAINTIFF*