**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NATIONWIDE GENERAL INSURANCE CO.<br><br>        Plaintiff,<br><br>vs.<br><br>PECO ENERGY COMPANY and<br>BRYN MORRIS ENTERPRISES, LLC d/b/a<br>BWM ELECTRIC<br><br>        Defendants.<br><br>vs.<br><br>CHUCK MANDRACCHIA TPM<br>ORGANIZATION, LLC<br>434 E 11th Ave Conshohocken, PA 19428 | UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF PA<br><br><br>CIVIL ACTION<br><br><br>No.: 2:26-CV-00018 |

**DEFENDANT/THIRD-PARTY PLAINTIFF PECO ENERGY COMPANY'S**
**THIRD-PARTY COMPLAINT**

Original Defendant/Third-Party Plaintiff PECO Energy Company, by and through their undersigned counsel, Salmon, Ricchezza, Singer & Turchi LLP, hereby files the following Third-Party Complaint against Third-Party Defendant Chuck Mandracchia TPM Organization, LLC, and avers as follows:

**THE PARTIES**

1.      Original Defendant, PECO Energy Company, (hereinafter "Original Defendant" or "PECO") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal offices located at 2301 Market Street, Philadelphia, Pennsylvania.

2.      Third-Party Defendant Chuck Mandracchia TPM Organization, LLC (hereinafter "Third-Party Defendant TPM") is a limited liability company, organized and existing under the

laws of the Commonwealth of Pennsylvania, with a principal place of business located at 434 E 11th Ave Conshohocken, PA 19428.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over the dispute between Plaintiff, Nationwide General Insurance Co., and PECO on the basis of diversity of citizenship, in that Plaintiff and PECO are each citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.    This Third-Party Complaint asserts that Third-Party Defendant TPM, which is believed to be registered and maintains its principal place of business in the State of Pennsylvania, is liable over to PECO by way of contribution and/or indemnity.

5.    The claims asserted in this Third-Party Complaint arise out of the same facts and circumstances as those of the Plaintiff's Complaint so that this Court may exercise supplemental jurisdiction over these claims pursuant to the provisions of 28 U.S.C. § 1367(a).

## GENERAL ALLEGATIONS

6.    Plaintiff, Nationwide General Insurance Co. (hereinafter "Plaintiff"), instituted an action against PECO and BRYN Morris Enterprises, LLC d/b/a BWM Electric in the United States District Court for the Eastern District of Pennsylvania with the filing of a Complaint on January 5, 2026, Case No. 2:26-CV-00018. *See* A true and correct copy of said Complaint, attached hereto at Exhibit "A".

7.    Plaintiff's Complaint alleged that on or about January 10, 2024, Plaintiff's insureds, property owners Leonard and Melissa Knobbs, sustained damage to their property, located at 117 Hunter Road, Plymouth Meeting, Pennsylvania ("subject property"), due to a fire that was caused

by "uncontrolled electricity" from downed live electrical wires that were owned by PECO. Without admitting the averments therein, *see* Exhibit "A".

8. Without admission hereto, Plaintiff alleged that PECO was "responsible for the installation and maintenance of the electrical distribution wires and related equipment in the neighborhood of the subject property." *Id.*

9. Without admission hereto, Plaintiff further alleged that PECO "owed a duty to properly inspect and maintain its wires and equipment" and to "promptly and timely repair its downed electrical wires." *Id.*

10. Without admission hereto, Plaintiff alleged that PECO's negligence and carelessness consisted of the following:

    a. Failing to inspect and maintain its electrical wires, including but not limited to tree trimming necessary to protect and maintain its wires;

    b. Failing to promptly and timely repair its downed electrical wires;

    c. Failing to take action to ensure that uncontrolled electricity did not enter the subject property;

    d. Failing to properly respond and inspect the damage to the electrical distribution wires and related system components in the neighborhood of the subject property and to take corrective actions;

    e. Violating applicable codes, regulations, and statutes, including applicable electrical codes, PECO's own policies and procedures, and industry customs and practices;

    f. Failing to employ agents, servants and/or employees with the knowledge, training, and experience to properly respond and repair the electrical distribution system and take all necessary corrective actions;

g. Failing to properly train, oversee and supervise its employees, agents, and subcontractors;

h. Failing to perform its work and services in a good and workmanlike manner and in accordance with all applicable national, state, and local electrical codes and standards, and industry custom and practice;

i. Failing to warn Plaintiff's insureds of the risk of fire, burning and melting as a result of its downed wires; and

j. Otherwise failing to use due care under the circumstances.

*Id.*

11. PECO specifically denies that any negligence, act, or omission on its part caused or contributed to the happening of the incident described in Plaintiff's Complaint or the alleged damages to the subject property of Plaintiff's insureds.

12. Prior to the subject incident, Plaintiff's insureds retained Third-Party Defendant TPM, as a general contractor, to perform renovations, including electrical work at the subject property.

13. At all times material hereto, Third-Party Defendant TPM was legally responsible for, among other things, the design, construction, renovation, installation, maintenance, repair, inspection, and/or care of the subject property, including electrical work performed and electrical upgrades installed at the subject property.

14. The averments of Plaintiff's Complaint, *see* Exhibit "A", are incorporated herein by reference, as if set forth at length herein, for the purpose of establishing the basis for the instant Third-Party Complaint against Third-Party Defendant TPM, without adoption or admission by PECO of the truth of said assertions.

15.     Furthermore, PECO incorporates herein by reference, as if set forth at length herein, the allegations in Plaintiff's Complaint, *see* Exhibit "A", sounding in negligence against Third-Party Defendant TPM, without admission by PECO of the truth of said assertions.

16.     Accordingly, PECO joins Third-Party Defendant TPM and avers that said Third-Party Defendant is liable to Plaintiff, jointly and severally liable to Plaintiff, or liable over to Original Defendant/Third-Party Plaintiff PECO Energy Company by way of contribution and/or indemnity, at common law with any and all liability on the part of PECO Energy Company being expressly denied.

**Count I**
**PECO Energy Company v. Chuck Mandracchia TPM Organization, LLC**
**Negligence Triggering Common Law Indemnification and Contribution**

17.     PECO incorporates herein by reference the allegations contained in the preceding paragraphs as if same were set forth at length herein.

18.     PECO avers that if Plaintiff sustained damages as alleged in the Complaint, *see* Exhibit "A", which are specifically denied, then those damages were not the result of any act or failure to act by PECO, but were caused by the negligence, carelessness, acts and/or omissions on the part of Third-Party Defendant TPM, and their agents, employees, contractors, and servants.

19.     At all times material hereto, Plaintiff's insureds retained Third-Party Defendant TPM, as a general contractor, to perform renovations, including electrical work at the subject property.

20.     At all times material hereto, Third-Party Defendant TPM was legally responsible for, among other things, the design, construction, renovation, installation, maintenance, repair, inspection, and/or care of the subject property, including electrical work performed and electrical upgrades installed at the subject property.

21.     Third-Party Defendant TPM, and their agents, employees, contractors, and servants' negligence and carelessness consisted of, but is not limited to, the following:

    a. Improperly installing and grounding the electrical system at the subject property;

    b. Failing to properly install and ground the electrical system to prevent them from energizing and allowing an electrical power surge to enter the subject property;

    c. Failing to properly analyze, evaluate, and eliminate the potential for an electrical power surge to enter the subject property;

    d. Failing to employ agents, servants and/or employees with the knowledge, training, and experience to properly install, ground and upgrade the electrical system at the subject property;

    e. Failing to properly train, oversee, and supervise its employees, agents, and subcontractors;

    f. Allowing its agents, servants and/or employees to improperly install, ground, and upgrade the electrical system in a manner that created a clear risk of fire;

    g. Failing to perform its work and services in a good and workmanlike manner and in accordance with industry custom and practice; and

    h. Otherwise failing to use due care under the circumstances.

22.     If Plaintiff sustained the losses, damages, or expenses by virtue of the allegations contained in the Complaint, *see* Exhibit "A", which are incorporated herein by reference, all of which are specifically and expressly denied by PECO, the same were caused by the negligence, carelessness, acts, and/or omissions of Third-Party Defendant TPM.

23.     It is therefore averred that in the event the allegations of Plaintiff's Complaint directed to PECO are proven at trial, then said Third-Party Defendant TPM is solely liable to

Plaintiff, jointly and severally liable to Plaintiff, or liable over to PECO by way of contribution and/or indemnity, at common law, with any and all liability on the part of PECO being expressly denied.

**WHEREFORE**, Original Defendant/Third-Party Plaintiff PECO Energy Company, demands that Third-Party Defendant Chuck Mandracchia TPM Organization, LLC, be judged solely liable to the Plaintiff for the cause of action set forth in its Complaint, and if Original Defendant/Third-Party Plaintiff PECO Energy Company is deemed to be liable in any capacity, which PECO denies, then Third-Party Defendant Chuck Mandracchia TPM Organization, LLC be judged jointly and/or severally liable with Original Defendant/Third-Party Plaintiff PECO Energy Company to the Plaintiff or liable over to Original Defendant/Third-Party Plaintiff PECO Energy Company for indemnification and/or contribution.

**SALMON RICCHEZZA SINGER & TURCHI, LLP**

By:        */s/ Deborah Doyle*

Joseph A. Ricchezza, Esquire (Attorney ID # 66171)
Deborah Doyle, Esquire (Attorney ID #71240)
*Attorneys for Defendant, PECO Energy Company*

Dated: April 24, 2026