**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NATIONWIDE GENERAL INSURANCE CO.,** ***Plaintiff,*** | : | **CIVIL ACTION** |
| **v.** | : | |
| **BRYN MORRIS ENTERPRISES, LLC d/b/a BWM ELECTRIC,** ***et al.*****,** ***Defendants.*** | : | **NO. 26-00018** |

**MEMORANDUM**

**KENNEY, J.** **NOVEMBER 18, 2026**

Before the Court is Defendant and Third-Party Plaintiff PECO Energy Company's ("PECO") Motion for Default Judgment Against Third-Party Defendant Chuck Mandracchia TPM Organization, LLC ("TPM") (the "Motion"). *See* ECF No. 48. PECO seeks the "entry of default judgment against TPM as to liability on PECO's contribution claim, with the amount of any recovery reserved for later determination" under Federal Rule of Civil Procedure ("Rule") 55(b)(2). ECF No. 48-1 at 1. To date, TPM has not filed an opposition to PECO's Motion, entered an appearance in this subrogation action, or filed an answer or otherwise responded to PECO's Third-Party Complaint. For the reasons set forth below, the Court will **GRANT** PECO's Motion (ECF No. 48), enter a default judgment in favor of PECO and against TPM as to liability on PECO's contribution claim, and defer ruling on the amount of any damages that are owed by TPM for a later date. PECO's alternative claim for common law indemnification remains pending.

## I. LEGAL STANDARD

Under Rule 55, a plaintiff may move for default judgment once the Clerk of Court enters a default against a defendant. Fed. R. Civ. P. 55(b). Where "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," if the plaintiff submits "an affidavit showing

the amount due[,]" and the defaulting defendant is "neither a minor nor an incompetent person[,]" the Clerk of Court "must enter judgment for that amount and costs." Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Moreover, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

When the plaintiff applies to the court for a default judgment, the court may hold a hearing to assist with the calculation of damages, but is not required to do so. *See Rainey v. Diamond State Port Corp.*, 354 F. App'x 722, 724–25 (3d Cir. 2009) (per curiam). However, the court has an obligation to determine whether the plaintiff's asserted "damages [are] appropriate." *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997) ("While the [d]istrict [c]ourt may not have been obligated to hold an evidentiary hearing, it could not just accept [the plaintiff's] statement of the damages.").

Where a defendant has been properly served, a court has discretion to enter a default judgment based on its consideration of the following three factors as articulated in *Chamberlain v. Giampapa*: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." 210 F.3d 154, 164 (3d Cir. 2000). When weighing these three factors, "the court accepts all factual allegations in the complaint as true." *Int'l Bhd. of Elec. Workers Union No. 98 Health & Welfare Fund v. D'Narpo Elec., LLC*, No. 21-cv-1923, 2022 WL 742735, at *3 (E.D. Pa. Mar. 10, 2022) (citation omitted). "Conclusory allegations and the parties' legal theories or conclusions of law, however, are not entitled to the same presumption and are not deemed admitted." *State Farm Fire*

*& Cas. Co. v. Hunt*, No. 14-cv-6673, 2015 WL 1974772, at *3 (E.D. Pa. May 4, 2015).

## II. DISCUSSION

The Court writes for the benefit of the parties and assumes their familiarity with the facts and procedural history of this case.[1] Notwithstanding proper service of PECO's Third-Party Complaint, TPM failed to answer or otherwise respond to the Third-Party Complaint by May 21, 2026. *See* ECF No. 35; ECF No. 38-1 ¶¶ 5–6; ECF No. 48 ¶¶ 3–4; ECF No. 48-1 at 2–3. Default was entered by the Clerk of Court against TPM on July 23, 2026, *see* ECF No. 39, and PECO now seeks the entry of a default judgment against TPM as to liability on its contribution claim. ECF No. 48-1 at 1. After weighing the three *Chamberlain* factors, the Court finds that entry of a default judgment in favor of PECO and against TPM as to liability on PECO's contribution claim is appropriate.[2]

---

[1] The Court notes that because it is deciding a motion for default judgment, the facts from PECO's Third-Party Complaint are assumed as true except insofar as they concern the amount of damages sought by PECO. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

[2] The Third Circuit has also explained that "[b]efore granting default judgment, a district court may consider whether 'the unchallenged facts constitute a legitimate cause of action[.]'" *J&J Sports Prods., Inc. v. Ramsey*, 757 F. App'x 93, 95 (3d Cir. 2018) (citation omitted). Here, Plaintiff's insureds allegedly "sustained damage to their property . . . due to a fire that was caused by 'uncontrolled electricity' from downed live electrical wires that were owned by PECO." ECF No. 29 ¶ 7. PECO "denies that any negligence, act, or omission on its part caused or contributed" to the electrical incident at Plaintiff's insureds' home. *Id.* ¶ 11. Rather, PECO alleges that before the incident, "Plaintiff's insureds retained Third-Party Defendant TPM, as a general contractor, to perform renovations" on their home, "including electrical work." *Id.* ¶ 12. TPM was purportedly "legally responsible" for the "electrical work performed" on the property, in addition to other items. *Id.* ¶ 13. According to PECO, "if Plaintiff sustained damages as alleged in the Complaint," those damages "were caused by the negligence, carelessness, acts and/or omissions on the part of Third-Party Defendant TPM[.]" *Id.* ¶ 18. For example, TPM's negligence allegedly consisted of (1) "[i]mproperly installing and grounding the electrical system at the subject property;" (2) "[f]ailing to properly install and ground the electrical system to prevent them from energizing and allowing an electrical power surge to enter the subject property[;]" among other acts. *Id.* ¶ 21(a)–(b). Accordingly, PECO's Third-Party Complaint states a legitimate cause of action against TPM for negligence triggering common law indemnification and contribution. *Id.* ¶¶ 17–23.

Regarding the first *Chamberlain* factor, the Court considers prejudice to the moving party if a default judgment is denied. *Chamberlain*, 210 F.3d at 164. For example, "[c]onsiderable delays, especially those that might stretch on indefinitely, are sufficient to show prejudice to the [moving party]." *Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261, 271 (E.D. Pa. 2014) (internal quotations and citation omitted). If the entry of a default judgment is denied, PECO will be prejudiced because TPM has admitted liability on PECO's contribution claim by nature of TPM's failure to respond to the Third-Party Complaint. Furthermore, PECO has been actively defending itself and will continue to incur mounting litigation costs while TPM stalls and refuses to participate. Accordingly, PECO's interest in receiving a timely determination as to TPM's responsibility for the electrical incident and PECO's contribution claim, in addition to any resulting obligations, may assist all parties in coming to an efficient resolution of this litigation. Moreover, the Court is not aware of any reason to further delay a finding of liability against TPM in light of its prolonged absence from this case. Therefore, the Court finds that the first *Chamberlain* factor weighs in favor of PECO.

Regarding the second *Chamberlain* factor, a defense is meritorious if it "would completely bar plaintiff's recovery" if established at trial. *E. Elec. Corp. of N.J. v. Shoemaker Constr. Co.*, 652 F. Supp. 2d 599, 606 (E.D. Pa. 2009) (internal quotations and citation omitted). A defendant "seeking to prove a meritorious defense must allege specific facts that stretch beyond [a] general denial." *Id.* (internal quotations and citation omitted) (alteration in original). Here, TPM has never entered an appearance in this action, let alone asserted any defenses to PECO's Third-Party Complaint. Under these circumstances, the Court "may presume that an absent defendant who has failed to answer has no meritorious defense, . . . because [i]t is not the court's responsibility to research the law and construct the parties' arguments for them." *Joe Hand Promotions, Inc.*, 3 F.

Supp. 3d at 271 (internal quotations and citations omitted) (alteration in original); *see also Acosta v. Schwab*, No. 18-cv-3544, 2019 WL 7046916, at *8 (E.D. Pa. Dec. 20, 2019) (same). Accordingly, the second factor also counsels in favor of the entry of a default judgment.

Regarding the third *Chamberlain* factor, in order for the Court to find that TPM's "delay is due to culpable conduct[,]" *Chamberlain*, 210 F.3d at 164, TPM would need to have acted "willfully or in bad faith." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123–24 (3d Cir. 1983). District courts have come to "different conclusions regarding whether a defendant's failure to appear and defend can, in itself, constitute culpable conduct[,]" *see LNV Corp. v. Catalano*, No. 15-cv-3219, 2015 WL 4941962, at *5 (E.D. Pa. Aug. 19, 2015) (citing *State Farm Fire & Cas. Co.*, 2015 WL 1974772, at *5), but many have determined that a "defendant's failure or refusal to engage in the litigation process and to offer no reason for this failure or refusal may qualify as culpable conduct with respect to the entry of a default judgment." *Joe Hand Promotions, Inc.*, 3 F. Supp. 3d at 272 (internal quotations and citation omitted) (cleaned up). "[T]o conclude otherwise would be to reward the recalcitrant or the oppositional and uncooperative." *Id.* (internal quotations and citation omitted).

Here, the Court finds that TPM's willful decision to ignore this litigation for several months is due to its own culpable conduct. The docket reflects that TPM was served with PECO's Third-Party Complaint and summons by personal service upon Chuck Mandracchia on April 30, 2026. *See* ECF No. 35; ECF No. 38-1 ¶ 5; ECF No. 48 ¶ 3; ECF No. 48-1 at 2–3; ECF No. 48-2 ¶ 3. PECO's Motion was also served by mail to the same address at which Mr. Mandracchia was served. *See* ECF No. 48-5. However, TPM never entered an appearance, or filed an answer or otherwise responded to PECO's Third-Party Complaint; nor did TPM file an opposition to this Motion.

Therefore, the Court finds that the third *Chamberlain* factor also weighs in PECO's favor because TPM has willfully and inexplicably refused to engage in this litigation.

In sum, the *Chamberlain* factors weigh toward entering a default judgment in favor of PECO and against TPM as to liability on PECO's contribution claim. Accordingly, the Court will grant PECO's Motion (ECF No. 48) with respect to liability on PECO's contribution claim. PECO's alternative claim for common law indemnification remains pending. However, consistent with PECO's Motion, the Court will defer ruling on the amount of any damages that are owed by TPM for a later date and will await a supplemental application by PECO. The default judgment entered against TPM is, therefore, not a final judgment.

## III. CONCLUSION

For the foregoing reasons, the Court will grant PECO's Motion (ECF No. 48), and enter a default judgment in favor of PECO and against TPM as to liability on PECO's contribution claim. PECO's alternative claim for common law indemnification remains pending. The Court will defer ruling on the amount of any damages that are owed by TPM for a later date. An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**